# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUILLA T. JASE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Respondents. | 1:09-cv-00371-OWW-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS FOR LACK OF EXHAUSTION AND FAILURE TO STATE A HABEAS CLAIM (Doc. 12)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on February 24, 2009. (Doc. 1). In his petition, Petitioner contends that, as a state prisoner with an outstanding federal warrant, he has properly and timely filed a request for disposition of untried charges arising from that warrant, and that Respondent has failed to grant Petitioner's request. (Doc. 1, pp. 2-3). Petitioner asks the Court for an order transferring him to federal custody so that he can answer those charges arising from the federal warrant.

On July 23, 2009, the Court ordered Respondent to file a response to the petition. (Doc. 11). On September 14, 2009, Respondent filed the instant motion to dismiss in lieu of an answer,

1

contending that Petitioner's claim had not been fully exhausted in state court and that Petitioner's claim does not state a cognizable federal habeas claim. (Doc. 16). On December 25, 2009, Petitioner filed an opposition to the motion to dismiss, Petitioner contends that the federal charges now pending against him do not need to be exhausted nor have they ever been "removed" to state court. (Doc. 18, pp. 1-2).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contentions that the petition fails to state claims upon which habeas relief can be granted and that Petitioner has never presented his claims to the California Supreme Court. These claims are similar in procedural standing to a motion to dismiss for lack of exhaustion or for procedural default. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

### B. Failure To State A Cognizable Federal Habeas Claim.

The Interstate Agreement on Detainers Act ("IADA") governs the disposition of charges

2

between different jurisdictions.  The Supreme Court provides this summary of the IADA:

> In 1970 Congress enacted the Interstate Agreement on Detainers Act, 18 U.S.C. App., pp. 1395-1398 (1976 ed.), joining the United States and the District of Columbia as parties to the Interstate Agreement on Detainers (Agreement).  The Agreement, which has also been enacted by 46 States, is designed "to encourage the expeditious and orderly disposition of . . . charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Art. I. It prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction.

United States v. Mauro, 436 U.S. 340, 343 (1978).

When the United State files a detainer against a state prisoner and then obtains his custody, the United States activates the provisions of the IADA and is bound them. Mauro, 436 U.S. at 349. Once the United States obtains custody of the state prisoner, trial must commence within 120 days of her arrival in federal court. Id. at 362; 18 U.S.C. App. 2 § 2, art. IV(c). Failure to abide by the time provisions requires dismissal of the indictment. Mauro, 436 U.S. at 362. If the United States merely lodges a detainer against a state prisoner, the prisoner has the right to be brought to trial within 180 days after the prisoner causes to be delivered "written notice of . . . h[er] request for a final disposition to be made of the indictment, information, or complaint." 18 U.S.C. App. 2 § 2, art. III(a). The written notice and request for final disposition "shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court . . . ." 18 U.S.C. App. 2 § 2, art. III(b).  Here, two federal detainers, served upon Petitioner, form the subject matter for the instant petition.

However, the basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that

3

custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Petitioner raises only a state law claim, i.e., that Respondent has not followed the procedures set forth in California Penal Code §1381.  That section provides, inter alia, that a state prisoner serving a prison term who has, at the time he commences his prison term, other *pending state* charges, may request disposition of those charges, through a trial or dismissal, within ninety days.

On its face, it does not appear that §1381 is applicable to this case since Petitioner does not allege that he has pending state criminal charges he wishes to dispose of and nothing in that section suggests it is applicable to outstanding federal charges or to the federal detainer process.  However, assuming, arguendo, that it is applicable, it nevertheless raises only an issue of state law, i.e., Respondent's failure to follow the procedures set forth in § 1381.  Generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are *bound* by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

On the other hand, Petitioner attaches Exhibit B to his petition which demonstrates that prison officials *have* forwarded his request for disposition of the untried federal charges to the "US Crt and US Attorney." (Ex. B, 2nd page dated 12/2/08.)

Therefore, for these reasons Respondent's motion to dismiss should be granted on the ground that Petitioner has failed to allege a cognizable federal claim upon which habeas relief could be granted.

**C.  Exhaustion.**

Respondent also contends that, assuming the petition's claims are cognizable, said claims have not been exhausted. The Court agrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

5

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner has submitted exhibits to his petition establishing that on June 11, 2008, Respondent notified Petitioner of the existence of two federal detainers for outstanding federal warrants, nos. CC421129259 and CC421129260, charging, respectively, possession of a weapon and disrupting government employees, existed. (Doc. 17, Ex. A). The documents advised Petitioner regarding his right to request a hearing pursuant to California Penal Code § 1381. (Id.). Petitioner claims that he has properly requested a hearing through a series of inmate requests, but that Respondent failed to provide such a hearing. The notation on the various inmate requests for interview suggest that Respondent advised Petitioner that he needed to make such a request on a specific form that could be obtained from the prison law library. The record is ambiguous as to whether Petitioner ever filled out this particular form. However, regardless of whether Petitioner complied with Respondent's procedural requirements, it appears that, to date, Petitioner has not been brought to trial on the federal charges as he has requested.

Respondent has filed a motion to dismiss the petition based on Petitioner's failure to exhaust his claim in the state courts. (Doc. 16). Petitioner, in his opposition to said motion, contends that exhaustion is not required regarding his federal charges. Petitioner misapprehends the issue before the Court in Respondent's motion. Respondent is not arguing that Petitioner must exhaust state remedies for the two federal charges that have not even been tried; rather, Respondent is contending that Petitioner's complaint that Respondent has failed to properly follow state law in processing his request for a trial on the charges listed in the detainer is an issue that must first be exhausted in state court before it can be raised in a federal habeas proceeding. The Court agrees.

As discussed above, a petitioner who is in state custody and wishes to the fact or duration of his confinement in a federal habeas petition must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The method for exhausting such claims is by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan, 513 U.S. at 365; Picard, 404 U.S. at 276; Johnson, 88 F.3d at 829.

The burden is on the petition to establish that he has exhausted his claims in state court. E.g., Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). In his petition and his opposition to the motion to dismiss, Petitioner does not allege that he has ever presented to the California Supreme Court his claim challenging Respondent's failure to follow state law by forwarding his request for a hearing on the federal detainers to the appropriate federal authorities. Respondent's motion alleges that no record exists of any filings by Petitioner to exhaust his claims in state court. (Doc. 16, p. 2). The Court has independently accessed the California courts' electronic database and has not found any evidence to suggest that Petitioner has ever filed a state habeas petition in either the California Court of Appeal or the California Supreme Court.

From the foregoing, the Court concludes that Petitioner has not presented his claim to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition

7

that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss (Doc. 16), be GRANTED; and,

2. That the habeas corpus Petition (Doc. 1), be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2010**                                    /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE